Court Exhibit #2



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

April 15, 2020

Alex Spiro, Esq.
Quinn, Emanuel, Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

   **Re: United States v. Anthony Guzzone, 20 Cr. \_\_\_\_ ( )**

Dear Mr. Spiro:

   This prosecution and the protection against prosecution, with respect to tax offenses set forth below, have been approved by the Tax Division, Department of Justice.

   On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Anthony Guzzone ("the defendant") to Count One of a one-count Information to be filed in the District Court. Count One charges the defendant with tax evasion, in violation of Title 26, United States Code, Section 7201, and carries a maximum term of imprisonment of five years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; costs of prosecution; and a $100 mandatory special assessment. In addition to the foregoing, the defendant agrees that the Court will enter an order directing the payment of restitution, as specified below.

   In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office and, with respect to tax offenses, the Tax Division, Department of Justice, for crimes during the period 2010 through 2018 relating to his failure to report all of his income on federal and state tax returns as charged in the Information, including income in the form of unlawful payments made to him while serving as an employee of Bloomberg LLP; and his receipt of unlawful payments made to him by sub-contractors while serving as an employee of Bloomberg LLP, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* This Agreement does not provide any protection against prosecution except as set forth above. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

2019.07.08

The defendant further agrees to make restitution for the amount of additional tax due and owing as a result of the filing of amended income tax returns, as described in the immediately succeeding paragraph and as determined by the Internal Revenue Service ("IRS"), but in no case less than $450,000, in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664, including, but not limited to, 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3). The restitution amount shall be paid according to a plan established by the Court. The defendant will be given credit against this restitution amount for any payments made prior to sentencing, as verified by the Office. The obligation to make restitution shall be made a condition of probation, see 18 U.S.C. § 3563(b)(2), or of supervised release, see 18 U.S.C. § 3583(d), as the case may be. If the Court orders the defendant to pay restitution to the IRS, either directly as part of the sentence or as a condition of supervised release or probation, the IRS may use the restitution order as a basis for a civil assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.[1]

It is understood that at least two weeks prior to the date of sentencing, the defendant shall file with the IRS, and provide copies to the Office, accurate amended individual tax returns for the calendar years 2010 through 2017 inclusive, or enter into a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment signed by the defendant. Notwithstanding the immediately preceding paragraph, the defendant will pay past taxes due and owing to the IRS for calendar years 2010 through 2017 inclusive, including any applicable penalties, on such terms and conditions as will be agreed upon between the defendant and the IRS. The defendant will not contest the applicability of civil fraud penalties.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

**A. Offense Level**

1. The Guidelines Manual incorporating guidelines amendments effective November 1, 2018 applies here.

---

[1] It is understood that, prior to the date of the defendant's guilty plea in this case, the defendant will enter a guilty plea in New York Supreme Court to grand larceny in the first degree, a class B felony, in violation of New York Penal law Section 155.42 (the "State Charges"). It is further understood that the defendant will enter his plea to the State Charges pursuant to a plea agreement with the New York County District Attorney's Office, which plea agreement provides that the sentence to be imposed for the State Charges will be concurrent with the sentence to be imposed in this case. The Government will not oppose any efforts by the defendant to schedule his sentencing in this case before his state court sentencing

Rev. 04.24.2018

2. The total criminal tax loss, as calculated pursuant to the Guidelines, is greater than $250,000 and less than $550,000. Accordingly, the base offense level is 18. U.S.S.G. §§ 2T1.1(a)(1); 2T.4.1(G).

3. The defendant failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity. Accordingly, 2 levels are added pursuant to U.S.S.G. § 2T1.1(b)(1).

3. The defendant was an organizer and leader of a criminal activity that involved five or more participants. Accordingly, 4 levels are added pursuant to U.S.S.G. § 3B1.1(a).

4. As a result of the defendant's receipt of kickbacks and illegal payments from contractors doing business with Bloomberg LLP, the defendant abused a position of private trust he held with respect to Bloomberg LLP. Accordingly, 2 levels are added pursuant to U.S.S.G. § 3B1.3.

5. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 23.

### B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has no applicable criminal history.

In accordance with the above, the defendant's Criminal History Category is I.

### C. Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 46 to 57 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 23, the applicable fine range is $20,000 to $200,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, see U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 46 to

Rev. 04.24.2018

57 months' imprisonment; and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal any fine that is less than or equal to $200,000. The Government agrees not to appeal any fine that is greater than or equal to $20,000. The defendant also agrees not to appeal any restitution amount that is less than or equal to $450,000, and the Government agrees not to appeal any restitution amount that is greater than or equal to $450,000. The defendant also agrees not to appeal any special assessment that is less than or equal to $100. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his deportation from the United States is presumptively mandatory and that, at a minimum, he is at risk of being deported or suffering other adverse immigration consequences. The defendant acknowledges that he has discussed the possible immigration consequences (including deportation) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction, even if those consequences include deportation from the United States. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including deportation) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including deportation) resulting from his guilty plea and conviction.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any

counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office and, to the extent set forth above, the Tax Division, Department of Justice.

INTENTIONALLY LEFT BLANK

Apart from any written Proffer Agreement that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

By: *[signature]*
DAVID RAYMOND LEWIS
Assistant United States Attorney
(212) 637-2397

APPROVED:

*[signature]*
TIMOTHY HOWARD / IAN McGINLEY
Chiefs, Complex Frauds & Cybercime Unit

AGREED AND CONSENTED TO:

*[signature]*
ANTHONY GUZZONE

April 15, 2020
DATE

APPROVED:

*[signature]*
ALEX SPIRO, Esq.
Attorney for Anthony Guzzone

April 15, 2020
DATE